**NEW AMSTERDAM CASUALTY CO. v. KEMP. (No. 8894.)**

(Court of Civil Appeals of Texas. Galveston. Nov. 24, 1926.)

1. **Master and servant** ⟨⇒418(4)—**Stipulation as to weekly rate of wages of compensation claimant held part of record, having effect of pleading.**

In suit for compensation for injuries to workman, parties having, by written stipulation, agreed on weekly rate of wages exceeding amount pleaded, such stipulation became part of record, having effect of a pleading.

2. **Trial** ⟨⇒260(8)—**Insurance carrier's instruction, covered by given instruction, held properly refused.**

In suit for compensation for injuries, refusal of insurance carrier's requested instruction, as to whether or not injury resulted from disease, *held* not error; being covered by instruction given by court.

3. **Master and servant** ⟨⇒401—**Proof of average weekly wages of compensation claimant held unnecessary because of agreement concerning proper compensation.**

In suit for injuries, parties having agreed as to proper amount of compensation for injured employee, proof of average weekly wages *held* unnecessary.

4. **Master and servant** ⟨⇒405(6)—**Evidence held to justify finding of injury from strain causing total incapacity within Liability Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309).**

In suit for injuries, evidence as to strain and injury to back of workman, suffering with epididymitis, *held* to justify finding of total incapacity within Liability Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309).

Appeal from District Court, Harris County; Roy F. Campbell, Judge.

Proceeding under Liability Act by Ernest Kemp, opposed by the New Amsterdam Casualty Company, insurance carrier. From a judgment allowing compensation, the insurance carrier appeals. Reformed and affirmed.

Hunt & Teagle, of Houston, for appellant. Nichols & Sargent and Pritchett Harvey, all of Houston, for appellee.

GRAVES, J. This appeal is from a verdict and judgment allowing the appellee 30 weeks' compensation, at the rate of $12.98 per week, for injuries suffered by him in the course of his employment resulting in his total incapacity, within the meaning of the Liability Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309) for that length of time.

Appellant complains upon these grounds: That its requested special issue inquiring whether or not appellee's incapacity resulted from a disease rather than an injury sustained in the course of his employment should have been given; that there was no basis for the recovery because there was no evidence (a) of the fact of or when appellee received the particular injury complained of, (b) none showing what his average weekly wages were at the time of his claimed injury, (c) none that at the time of such particular injury that appellant was carrying the risk for his employer; and, finally, that the amount recovered was excessive, in that the appellee only claimed in his petition $11.52 per week and recovered the stated $12.98 per week.

[1] In our opinion none of these contentions, except that relating to the excessiveness in the amount recovered, can be sustained; the amount was in the aggregate $9.28 too much, and must be reduced by that sum. It is true the appellee only originally pleaded for $11.52 per week, but the parties by subsequent written stipulation filed in the cause agreed upon $12.66 as the proper weekly rate, and, being so filed, that stipulation became a part of the record and has the effect of a pleading. 36 Cyc. p. 1283. The difference between the weekly rates of $12.66 and $12.98, or 32 cents, aggregate $9.28 that must be deducted.

[2] The court committed no error in refusing appellant's special charge relating to whether or not the injury resulted from disease, because its special issue No. 2 specifically instructed the jury to consider only such total incapacity as was the direct and proximate result of injuries sustained by the appellee in the course of his employment and not from any disease contracted or suffered by him.

[3] The parties having so agreed as to what was the proper amount of compensation for the appellee, it was unnecessary for him to further prove what his average weekly wages were.

It was further agreed that appellant was carrying the risk on October 22, 1924, the date on which an iron pipe fell upon appellee while engaged in his employment, and, if the evidence raised the issue as to whether or not the injury to his back, forming the basis of his recovery herein, occurred contemporaneously with or as a result of that incident, then the objection that appellant was not shown to have been at the time carrying the risk of the injury recovered for likewise fails.

[4] This brings us to a consideration of the main argument of appellant, which is that all the evidence, or at least the great weight and preponderance of it, showed the appellee to have only suffered an injury to his foot, from which he recovered within a few weeks, and that no further injury occurred. We are unable to agree with this contention, concluding rather that the evidence did raise the issue of appellee's having received the injury

he alleged, and sustained the jury's findings for him thereon. His averment as to the injury recovered for, one to his back, was as follows:

"While plaintiff, Ernest Kemp, was cutting iron with a machine, as he cut the same he threw it back, and in stooping down to get more iron to cut and throwing same down, in a stooping position he wrenched and sprained his back, as well as his left leg, and in a few days his testicles became swollen, and by reason of the same a condition known as epididymitis exists, and by reason thereof he is totally and permanently disabled."

It is true the injury to the foot from the iron falling upon it on the date mentioned was shown and that the resulting contusion healed up within several weeks, but there was further evidence reasonably tending to show that another and further injury, that is to the appellee's back or privates, was a concomitant of it, and resulted from the same cause. He himself so testified, saying in effect that stooping down and picking up the heavy iron on that occasion also burst one of his testicles, and, when that occurred, he "got down in his back." The testimony of the doctors did not demonstrate that that result was even improbable; on the contrary, they frankly stated that the epididymitis he was undisputedly shown to be suffering with at the time of the trial might have been so caused.

After a careful review of the statement of facts, we cannot say that the jury's verdict must be set aside; an affirmance will be ordered, except as to the $9.28.

Reformed and affirmed.